[No. S115377. Apr. 19, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL FREDERICK BRITT, Defendant and Appellant.

## COUNSEL

William J. Arzbaecher III, under appointment by the Supreme Court, and Veronica A. Bonetti, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, David P. Druliner, and Robert R. Anderson, Chief Assistant Attorneys General, Jo Graves, Assistant Attorney General, J. Robert Jibson, Anthony L. Dicce, Janet E. Neeley and Raymond L. Brosterhous, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHIN, J.**—In California, certain sex offenders are required by statute to register with law enforcement authorities where they are residing. When they change residence within California, they must notify the local authorities in both their former and new residences. (Pen. Code, § 290, subds. (a)(1)(A) and (f)(1).)[1] We must decide whether a person subject to these requirements who moves once from one county to another within California without notifying the authorities in either county, and hence who violates *both* subdivisions (a) *and* (f) of section 290, may be prosecuted and punished separately for each crime—once in the county of the former residence and once in the county of the new residence.

We conclude that the person may not be separately punished for the two failures to notify. Moreover, although he may be charged with both offenses in either county, when, as here, the prosecution knows or should know of both offenses, he may be prosecuted for them only once.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Michael Frederick Britt has prior convictions for sexual crimes, which requires him to register with the appropriate law enforcement agency where he lives, to notify that agency when he moves, and to register in his new home. (§ 290.) When he moved from Sacramento County to El Dorado County, he failed to notify law enforcement authorities in either county. A warrant for his arrest issued in Sacramento County. He was arrested in El Dorado County on April 8, 1998, and was booked both for the Sacramento County arrest warrant and for failing to register in El Dorado County. On May 8, 1998, an amended complaint was filed in Sacramento County charging defendant with not notifying the authorities in that county of his new address, a felony. Defendant pleaded no contest to the charge on January 15, 1999, and the court placed him on probation on terms including that he serve 180 days in the county jail.

On June 29, 1998, while the charges in Sacramento County were pending, a complaint was filed in El Dorado County charging defendant with not registering in that county, also a felony. The preliminary hearing in this matter was held on March 5, 1999, after the Sacramento County prosecution had ended. Comments by the parties and court at that hearing indicate that the El Dorado County prosecutor had known about the Sacramento County prosecution and had agreed to let the Sacramento County case proceed first. The information in the El Dorado County prosecution was filed on March 12,

---

[1] All further statutory references are to the Penal Code.

1999. It charged defendant with not registering in that county and alleged that he had two prior serious felony convictions within the meaning of the "Three Strikes" law. (See generally *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504–506 [53 Cal.Rptr.2d 789, 917 P.2d 628].)

Defendant moved to set aside the El Dorado County information on the ground that he had been convicted previously in Sacramento County for an offense arising out of the same course of conduct and, therefore, that section 654 barred the second prosecution in El Dorado County. The court denied the motion. Defendant then waived his right to a jury trial. The court found him guilty of not registering in El Dorado County and found true that he had two prior serious felony convictions. It struck the prior convictions for purposes of sentencing (see *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497) and granted probation on terms including that he serve 365 days in the county jail.

The Court of Appeal affirmed the judgment. The majority concluded that "both prosecutions are permissible because a person necessarily has two separate intents and objectives in violating both subdivisions (a) and (f) of section 290, and each crime is a separate continuing act that is not so interrelated with the other act as to come within provisions of section 654." Justice Sims dissented. He argued that "prosecution of the El Dorado County offense was barred by Penal Code section 654 because defendant had been convicted and sentenced on the Sacramento County offense and he could not properly be punished for both the Sacramento County offense and the El Dorado County offense."

We granted defendant's petition for review.

II. Discussion

A. *Background*

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." "Section 654's preclusion of multiple prosecution is separate and distinct from its preclusion of multiple punishment. The rule against multiple prosecutions is a procedural safeguard against harassment and is not necessarily related to the punishment to be imposed . . . ." (*Neal v. State of California* (1960) 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839].) We must decide how section 654 operates regarding two sex offender registration requirements.

■ Section 290, subdivision (a)(1)(A), requires certain sex offenders in California, including defendant, to register with the appropriate law enforcement authorities where they reside.[2] Section 290, subdivision (f)(1), also requires those offenders, when they move, to inform the law enforcement agency where they last registered of their new address or location.[3] These are separate, albeit closely related, requirements. ■ Sex offenders registered in one county who move to another county within California without notifying any law enforcement agency violate both requirements: section 290, subdivision (a)(1)(A), by not registering in the new county; and section 290, subdivision (f)(1), by not informing authorities in the old county of the new address. When, as here, the person must register because of a felony conviction, violating these requirements is itself a felony. (§ 290, subd. (g)(2); see *Wright v. Superior Court* (1997) 15 Cal.4th 521, 523–524 [63 Cal.Rptr.2d 322, 936 P.2d 101].)

■ A defendant may clearly be *convicted* of violating both parts of section 290. ■ Section 654 limits multiple punishment and prosecution, not conviction. (See *People v. McFarland* (1962) 58 Cal.2d 748, 762–763 [26 Cal.Rptr. 473, 376 P.2d 449].) The question here is whether defendant may be *prosecuted* and *punished* separately for the two violations.[4] We first consider the multiple punishment question.

### B. *Multiple Punishment*

■ The test for determining whether section 654 prohibits multiple punishment has long been established: "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning

---

[2] Specifically, section 290, subdivision (a)(1)(A), requires defendant "to register with the chief of police of the city in which he or she is residing, or if he or she has no residence, is located, or the sheriff of the county if he or she is residing, or if he or she has no residence, is located, in an unincorporated area or city that has no police department . . . within five working days of coming into, or changing his or her residence or location within, any city, county, or city and county . . . ."

[3] Specifically, section 290, subdivision (f)(1), provides: "If any person who is required to register pursuant to this section changes his or her residence address or location, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, the person shall inform, in writing within five working days, the law enforcement agency or agencies with which he or she last registered of the new address or location. The law enforcement agency or agencies shall, within three days after receipt of this information, forward a copy of the change of address or location information to the Department of Justice. The Department of Justice shall forward appropriate registration data to the law enforcement agency or agencies having local jurisdiction of the new place of residence or location."

[4] This case involves a single move directly from one jurisdiction to another. We express no opinion on how section 654 would apply to other facts, such as multiple moves or the maintenance of multiple residences.

of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California, supra,* 55 Cal.2d at p. 19.) A decade ago, we criticized this test but also reaffirmed it as the established law of this state. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1209–1216 [23 Cal.Rptr.2d 144, 858 P.2d 611].) We noted, however, that cases have sometimes found separate objectives when the objectives were either (1) consecutive even if similar or (2) different even if simultaneous. In those cases, multiple punishment was permitted. (*Id.* at pp. 1211–1212.) Thus, we must decide whether defendant had the same objective when he violated both subdivisions (a) and (f) of section 290.

■ Section 654 turns on the *defendant's* objective in violating both provisions, not the Legislature's purpose in enacting them, but examining the overall purpose behind the notification requirements helps illuminate the defendant's objective in violating them. "The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future." (*Barrows v. Municipal Court* (1970) 1 Cal.3d 821, 825–826 [83 Cal.Rptr. 819, 464 P.2d 483]; accord, *Wright v. Superior Court, supra,* 15 Cal.4th at p. 527.) ■ Defendant's objective in *violating* this section was the opposite of the government's—to *avoid* police surveillance. To fulfill this objective, he committed *two* crimes of omission, but each crime furthered the same objective. The failure to notify the former jurisdiction (§ 290, subd. (f)(1)) and the failure to register in the new jurisdiction (§ 290, subd. (a)(1)(A)) were means of achieving the same objective—to prevent *any* law enforcement authority from learning of his current residence.

Section 290, subdivision (f)(1), requires the agency of the former residence to notify the Department of Justice of a change of address and the Department of Justice to forward that information to the agency of the new residence. (See fn. 3, *ante.*) Thus, if a person informs only the former agency but not the new one, the objective of avoiding police surveillance would be defeated, as the new agency would learn of the change of address. The statute provides no converse requirement; if the person informs the new agency of the new address, that agency is not required to forward that information to the former agency. But the only way a person can prevent the new agency from learning of the new residency, and thus be sure of avoiding police surveillance, is to notify *neither* agency, that is, to violate both of section 290's reporting requirements. Defendant's commission of each crime was essential to the successful commission of the other, and he had the same objective when he committed both crimes.

The majority below held that defendant had two separate objectives: "(1) to mislead law enforcement and the residents of one community to believe that the sex offender remains there; and (2) to conceal from law enforcement and the residents of another community the fact that the sex offender is now residing in that community." It relied heavily on *People v. Perez* (1979) 23 Cal.3d 545 [153 Cal.Rptr. 40, 591 P.2d 63] (*Perez*). In *Perez,* we held that the defendant could be separately punished for separate sex offenses against the same victim. "[F]ocus[ing] on the question whether defendant should be deemed to have entertained single or multiple criminal objectives" (*id.* at p. 552), we rejected the defendant's argument that he had but a single objective in committing each sex offense—to obtain sexual gratification. "Such an intent and objective is much too broad and amorphous to determine the applicability of section 654. . . . To accept such a broad, overriding intent and objective to preclude punishment for otherwise clearly separate offenses would violate the statute's purpose to insure that a defendant's punishment will be commensurate with his culpability." (*Ibid.*)

This rationale does not apply here. If the single objective of sexual gratification in separate sex offenses is too amorphous, finding separate objectives here—to mislead or conceal information from the law enforcement agency in each county—parses the objectives too finely. In *Perez, supra,* 23 Cal.3d 545, the objective—sexual gratification—was achieved each time the defendant committed a sex offense. Each sex offense provided a new, and separate, sexual gratification; hence, the objectives were consecutive even if similar. (See *People v. Latimer, supra,* 5 Cal.4th at pp. 1211–1212.) Here the objective—avoiding police surveillance—was achieved just once, but only by the combination of both reporting violations.

The Attorney General relies on *In re Hayes* (1969) 70 Cal.2d 604 [75 Cal.Rptr. 790, 451 P.2d 430], where we upheld multiple punishment for the single act of driving while intoxicated and with knowledge of a suspended license. That case, however, is distinguishable. As we later explained, "neither of the *Hayes* violations, although simultaneously committed, was a means toward the objective of the commission of the other. The objectives, insofar as the criminal conduct was concerned, were deemed by the [*Hayes*] majority to be to drive while intoxicated and to drive with a suspended license." (*People v. Beamon* (1973) 8 Cal.3d 625, 639 [105 Cal.Rptr. 681, 504 P.2d 905], quoted in *Perez, supra,* 23 Cal.3d at p. 552.) Here, however, each failure to report *was* "a means toward the objective of the commission of the other." (*Beamon, supra,* at p. 639.) Defendant's violation of both reporting provisions constituted the means of achieving the common end of avoiding police surveillance.

■ Accordingly, we conclude that a person subject to section 290's reporting requirements who changes residence a single time within California

without reporting to any law enforcement agency, and who thus violates both subdivisions (a) and (f) of section 290, may be punished for one of those crimes, but not both. We note, however, that nothing in section 654 prohibits the court from considering the overall circumstances, including the fact that the defendant violated both provisions, in determining what punishment to impose for one of those offenses.

## C. *Multiple Prosecution*

The leading case involving multiple prosecution under section 654 is *Kellett v. Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206] (*Kellett*). In *Kellett*, the defendant was standing on a sidewalk, holding a pistol. He was charged with, and pleaded guilty to, exhibiting a firearm in a threatening manner. We held that this conviction prohibited a later prosecution for possessing a concealable weapon by a felon that arose out of the same facts. "When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Id.* at p. 827.)[5]

Here, as we discussed in finding that multiple punishment is prohibited, the same act or course of conduct—a single unreported move within California—played a significant part in both omissions. This conclusion does not entirely decide the question of multiple prosecution, however, for the bar against multiple prosecution contains two limitations.

█ First, the bar does not apply if "joinder is prohibited or severance permitted for good cause." (*Kellett, supra,* 63 Cal.2d at p. 827.) It would be absurd to hold that crimes *must* be tried together if they *may not* be tried together. █ We conclude that California statutes permit these offenses to be joined together in a single proceeding in either county. Defendant failed to report to law enforcement agencies in two different counties, but that does not mean that each omission must be tried in the county where the agency is

---

[5] We recognized possible exceptions to this rule when the original prosecution was for a less serious crime than the later prosecution. (*Kellett, supra,* 63 Cal.2d at pp. 827–828.) We also stated that "if an act or course of criminal conduct can be punished only once under section 654, either an acquittal or conviction and sentence under one penal statute will preclude subsequent prosecution in a separate proceeding under any other penal statute." (*Id.* at p. 828.) This seemingly all-encompassing statement is qualified by *Kellett*'s earlier limitation of the prohibition against multiple prosecution to cases in which the prosecution knew or should have known of the two offenses. (See *In re Dennis B.* (1976) 18 Cal.3d 687 [135 Cal.Rptr. 82, 557 P.2d 514], discussed *post.*)

located. "When a public offense is committed in part in one jurisdictional territory and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction of such offense is in any competent court within either jurisdictional territory." (§ 781.) Although this statute speaks in terms of jurisdiction, it is actually a venue statute. (*People v. Simon* (2001) 25 Cal.4th 1082, 1095–1096 [108 Cal.Rptr.2d 385, 25 P.3d 598].) It "must be given a liberal interpretation to permit trial in a county where only preparatory acts have occurred . . . ." (*Id.* at p. 1109.) The notification requirements of both subdivisions (a) and (f) of section 290 were triggered by defendant's moving from Sacramento County to El Dorado County. This single move necessarily involved preparatory acts in both counties. Thus, either county would be a proper venue in which to try both crimes. ■■ Moreover, the two crimes are connected together in their commission and are of the same class of crimes; accordingly, they may be joined in the same accusatory pleading. (§ 954.)

■■ Second, the bar applies only when "the prosecution is or should be aware of more than one offense . . . ." (*Kellett, supra*, 63 Cal.2d at p. 827.) In *In re Dennis B., supra*, 18 Cal.3d 687, a juvenile made an unsafe lane change and collided with a motorcycle, killing the cyclist. The juvenile was first charged with, and found guilty of, making the unsafe lane change, an infraction. Later, it was alleged that he committed vehicular manslaughter. We permitted the second action to proceed even though both charges arose out of the same prohibited act. "The issue is, under the *Kellett* standard, whether on the record herein the prosecution was or should have been 'aware of more than one offense.' " (*Id.* at pp. 692–693.) "The reference in *Kellett* to situations in which 'the prosecution is . . . aware of more than one offense' applies, however, only to intentional harassment, i.e., to cases in which a particular prosecutor has timely knowledge of two offenses but allows the multiple prosecution to proceed." (*Id.* at p. 693.) Noting that "the fact that the prosecution could have known of the multiple offenses does not necessarily lead to the conclusion that it did know or should have known" (*ibid.*), we concluded that the prosecution in that case neither knew nor should have known of both offenses.

■■ This knowledge requirement is especially critical in a case, as here, involving multiple prosecuting agencies. We do not suggest, for example, that if a prosecuting agency charges a person with leaving a county without reporting, that agency must investigate where that person went, or decide whether additional charges in the new location are appropriate. Whether the rule of *Kellett, supra*, 63 Cal.2d 822, applies must be determined on a case-by-case basis. We need not explore these questions in detail here, however, because this record makes clear that the El Dorado County

prosecutor was fully aware of the simultaneous Sacramento County prosecution. "[A] particular prosecutor actually knew of both offenses in time to prevent a multiplicity of proceedings." (*In re Dennis B.*, *supra*, 18 Cal.3d at p. 693.) Accordingly, prosecuting the El Dorado County action after defendant had been convicted of the Sacramento County charges violated section 654's prohibition against multiple prosecution.

### III. Conclusion

We reverse the judgment of the Court of Appeal and remand the matter for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Brown, J., and Moreno, J., concurred.

**BAXTER, J., Concurring.**—I agree that in this case, where "the El Dorado County prosecutor was fully aware of the simultaneous Sacramento County prosecution," prosecution of the El Dorado County action was barred by Penal Code section 654's prohibition of multiple prosecutions. (Maj. opn., *ante*, at pp. 955–956.) I therefore join fully in the judgment reversing defendant's El Dorado County conviction. I write separately only to highlight two aspects of the majority opinion:

1. The majority opinion's discussion of the multiple-punishment issue is unnecessary. Today, we reverse the judgment of conviction in the El Dorado County action as violative of the bar on multiple prosecutions set forth in Penal Code section 654. Neither El Dorado County nor Sacramento County will be able to retry defendant for violating Penal Code section 290, subdivision (a)(1)(A). Accordingly, any additional claim of error arising from the El Dorado County action that presumes retrial *is* possible—i.e., any claim that defendant's waiver of jury trial was defective, that certain evidence was erroneously admitted or excluded, or that defendant could not be separately punished for that offense—is now moot. (E.g., *People v. Killebrew* (2002) 103 Cal.App.4th 644, 661 [126 Cal.Rptr.2d 876] [reversal for insufficient evidence renders remaining contentions "moot"]; *Weston v. Kernan* (9th Cir. 1995) 50 F.3d 633, 639 [reversal for double jeopardy violation renders remaining contentions "moot"].) Part B. of the majority opinion falls into that category and is thus dictum.

2. The bar on multiple prosecutions does not apply "if . . . 'severance [is] permitted for good cause.' " (Maj. opn., *ante*, at p. 954.) This case involves a second prosecution under Penal Code section 290 brought by a *contiguous* county that was fully aware of the simultaneous prosecution in Sacramento. Future cases may involve counties that are geographically remote from each

other or are otherwise without the resources to shuttle witnesses from one place to the other. Our decision today does not prevent a court from finding that good cause exists to sever the charges in such circumstances.

Werdegar, J., concurred.

**MORENO, J., Concurring.**—I agree with the majority's reasoning and result. I also agree with the second point of Justice Baxter's concurring opinion. (See conc. opn. of Baxter, J., *ante*, at p. 956.)