[No. B231177. Second Dist., Div. Five. Apr. 26, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
HECTOR VILLEGAS, Defendant and Appellant.

## COUNSEL

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KRIEGLER, J.**—Defendant and appellant Hector Villegas, a sex offender subject to registration, was convicted by jury in count 2[1] of failure to file a change of address. (Pen. Code, § 290.013, subd. (a).)[2] In count 3, defendant was convicted of failing to notify the responsible agency of his new address. (§ 290.013, subd. (b).) The trial court sentenced defendant to state prison in count 2 for the upper term of three years, enhanced by one year for a prior prison term (§ 667.5, subd. (b)). The same sentence was imposed as to count 3 but stayed under section 654.

Defendant contends that one of his convictions must be reversed because subdivisions (a) and (b) of section 290.013 "describe alternate and mutually exclusive theories for the same offense," with subdivision (a) requiring the jury to find defendant knew where he was moving but subdivision (b) requiring the jury to find defendant did not know his new address at the time

---

[1] Count 1 was dismissed on the motion of the prosecution.
[2] All statutory references are to the Penal Code.

of the move. Defendant also argues the abstract of judgment must be amended to conform to the oral pronouncement of judgment, a point properly conceded by the Attorney General. We order modification to the abstract of judgment and otherwise affirm.

## FACTS

Defendant, a sex offender residing in the San Fernando Valley, was required to register his place of residence at the Van Nuys Division of the Los Angeles Police Department.[3] Defendant acknowledged his understanding of the current registration requirements each time he registered between 1999 and 2007. On April 5, 2007, defendant registered his address as at a motel in Sylmar.

Defendant was on parole at the time of his last registration for an unrelated offense. His parole officer advised defendant of his registration requirements, and that he was required to notify her if he moved.

On December 30, 2007, the global positioning system attached to defendant's leg stopped indicating movement. The parole officer checked defendant's motel room that day but received no answer to her knocks on the door. The parole officer returned on December 31. The manager of the motel allowed the parole officer into defendant's room. Defendant's belongings were gone, the global positioning device had been cut from his leg, and he left a note indicating he felt he did not need to report to the parole officer.

Defendant did not notify the Los Angeles Police Department that he had moved or that he had a new residence. Defendant was arrested in Alabama in 2008. He was extradited to California in 2010 for trial.

## DISCUSSION

*Multiple Violations of Section 290.013*

Defendant argues he cannot be convicted under both subdivisions (a) and (b) of section 290.013 because the two provisions contain mutually exclusive states of mind regarding the registrant's knowledge of a new address. According to defendant, subdivision (a) required him to give notice of a new address only if he knew the new address at the time he moved. Subdivision (b) is violated when the registrant does not know the new address at the time of the move and the registrant fails to give written notice of a new address

---

[3] Defendant had a prior conviction for violating section 647.6, subdivision (a), annoying or molesting a child under the age of 18.

within five days of reaching the new location. Because, in defendant's view, subdivision (a) requires knowledge of a new address and subdivision (b) excludes knowledge of a new address, the two subdivisions are mutually exclusive means of punishing the failure to provide notice of a move from one location to another. As defendant sees it, the jury's verdicts meant it found under subdivision (a) that defendant knew his destination and under subdivision (b) that he did not know where he was moving, findings that cannot be logically reconciled. Defendant argues one of the convictions must be reversed.

*Standard of Review*

██ To the extent defendant's argument requires interpretation of section 290.013, we employ the de novo standard of review. (See *People v. Jones* (2001) 25 Cal.4th 98, 107–108 [104 Cal.Rptr.2d 753, 18 P.3d 674]; *People v. Frausto* (2009) 180 Cal.App.4th 890, 897 [103 Cal.Rptr.3d 231].) The issue of whether multiple convictions are proper is also reviewed de novo, as it turns on the interpretation of section 954. "As we explained in [*People v.*] *Reed* [(2006)] 38 Cal.4th 1224 [45 Cal.Rptr.3d 353, 137 P.3d 184], 'In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct. "In California, a single act or course of conduct by a defendant can lead to convictions 'of *any number* of the offenses charged.' (§ 954, italics added; *People v. Ortega* [(1998)] 19 Cal.4th [686,] 692 [80 Cal.Rptr.2d 489, 968 P.2d 48].)" (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [16 Cal.Rptr.3d 902, 94 P.3d 1098].) Section 954 generally permits multiple conviction[s]. Section 654 is its counterpart concerning punishment. It prohibits multiple punishment for the same "act or omission." When section 954 permits multiple conviction[s], but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited. (*People v. Ortega, supra,* at p. 692; *People v. Pearson* [(1986)] 42 Cal.3d [351,] 359–360 [228 Cal.Rptr. 509, 721 P.2d 595].)' (*Reed, supra,* 38 Cal.4th at pp. 1226–1227.)" (*People v. Sloan* (2007) 42 Cal.4th 110, 116 [64 Cal.Rptr.3d 137, 164 P.3d 568].)

*Analysis*

██ Based upon the plain meaning of section 290.013 and guided by the principles of section 954 and express language in *People v. Britt* (2004) 32 Cal.4th 944 [12 Cal.Rptr.3d 66, 87 P.3d 812], we conclude that multiple convictions under subdivisions (a) and (b) of section 290.013 were proper. Multiple punishment was prohibited, but the trial court dealt with that issue by staying the sentence on count 3 under section 654.

Section 290.013, subdivision (a) provides: "Any person who was last registered at a residence address pursuant to the Act who changes his or her residence address, whether within the jurisdiction in which he or she is currently registered or to a new jurisdiction inside or outside the state, shall, in person, within five working days of the move, inform the law enforcement agency or agencies with which he or she last registered of the move, the new address or transient location, if known, and any plans he or she has to return to California."

■ Under this provision, whenever a person required to register changes addresses, he or she must notify the last registering agency of the move within five working days. The requirement to give notice of the move applies regardless of whether the registrant knows his or her new address. (*People v. Annin* (2004) 117 Cal.App.4th 591, 602–603 [15 Cal.Rptr.3d 278] (*Annin*) [interpreting former § 290, subd. (f)(1)].) The duty to notify the agency within five days is triggered by any change of address or location. (*Annin, supra*, at pp. 602–603, 607; see *People v. Wallace* (2009) 176 Cal.App.4th 1088, 1096–1097 [98 Cal.Rptr.3d 618] ["the statute applies not just to registered sex offenders who have a new address, but also to those offenders who have moved or have a new transient location" (interpreting former § 290, subd. (f)(1))].)

In this case, defendant was properly convicted under subdivision (a) of section 290.013, because he moved from his registered address. He did not report his move within five working days to the Los Angeles Police Department. As defendant concedes, this constitutes substantial evidence to support the conviction in count 2.

Section 290.013, subdivision (b) provides as follows: "If the person does not know the new residence address or location at the time of the move, the registrant shall, in person, within five working days of the move, inform the last registering agency or agencies that he or she is moving. The person shall later notify the last registering agency or agencies, in writing, sent by certified or registered mail, of the new address or location within five working days of moving into the new residence address or location, whether temporary or permanent."

■ The purpose of subdivision (b) of section 290.013 is to provide law enforcement officials with timely information as to the current whereabouts of sex offenders who have changed addresses. (See *Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101] [arising under former § 290, subd. (f)].) Subdivision (b) forecloses the possibility that a registrant could avoid giving notice of a new address or location by claiming he or she did not know the new address, by placing the burden on the registrant to provide a new address or location within five working days of the move. Timely change of address notification is essential to police

monitoring of sex offenders to prevent them from disappearing from the registration rolls. Again, defendant concedes there is substantial evidence to support his conviction under subdivision (b).

■ As demonstrated by the above discussion, subdivisions (a) and (b) of section 290.013 create "separate, albeit closely related, requirements." (*People v. Britt, supra,* 32 Cal.4th at p. 951 [discussing the separate obligations to register and to report a change of address].) "Failure to register incurs a criminal penalty, and each failure to register is a separate criminal offense. (§ 290.018; *People v. Meeks* (2004) 123 Cal.App.4th 695, 702 [20 Cal.Rptr.3d 445].)" (*Good v. Superior Court* (2008) 158 Cal.App.4th 1494, 1509 [71 Cal.Rptr.3d 125].) Defendant failed to register in two respects—he did not report his move and did not report his new address. Each failure was a separate violation of law.

"A defendant may clearly be *convicted* of violating both parts of [former] section 290. Section 654 limits multiple punishment and prosecution, not conviction. (See *People v. McFarland* (1962) 58 Cal.2d 748, 762–763 [26 Cal.Rptr. 473, 376 P.2d 449].)" (*People v. Britt, supra,* 32 Cal.4th at p. 951 [discussing the separate requirements to register and report a change of address under former § 290].) This unambiguous statement by our Supreme Court conclusively undermines defendant's argument that "he committed only a single crime—failure to register."[4]

The trial court understood the difference between subdivisions (a) and (b) of section 290.013. The court concisely articulated that difference in denying defendant's motion to dismiss under section 1118.1 at the end of the prosecution's case: "Count 2 is Penal Code section 290.013, subdivision (a), requiring in-person registration within five days of a move, and . . . count 3, Penal Code section 290.013, subdivision (b), requiring registration in writing when the new residence is not known. And I think there is sufficient evidence of that. And the motion is denied."

The trial court correctly followed the law by imposing sentence under both subdivisions, but staying the sentence in count 3 under section 654. "Defendant's objective in *violating* this section was the opposite of the government's—to *avoid* police surveillance. To fulfill this objective, he committed

---

[4] Based on the clear language in *People v. Britt,* we need not discuss defendant's reliance on *People v. Prado* (1977) 67 Cal.App.3d 267 [136 Cal.Rptr. 521], which holds in an unrelated context that a defendant may not be convicted as a principal and as an accessory to the same crime. For the same reason, we merely note, but see no need to discuss, the lukewarm reception received by the reasoning of *Prado.* (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 536 [26 Cal.Rptr.2d 323]; *People v. Riley* (1993) 20 Cal.App.4th 1808, 1813–1814 [25 Cal.Rptr.2d 676]; *People v. Francis* (1982) 129 Cal.App.3d 241, 248, 251–252 [180 Cal.Rptr. 873].)

*two* crimes of omission, but each crime furthered the same objective. The failure to notify the former jurisdiction (§ 290, subd. (f)(1)) and the failure to register in the new jurisdiction (§ 290, subd. (a)(1)(A)) were means of achieving the same objective—to prevent *any* law enforcement authority from learning of his current residence." (*People v. Britt, supra,* 32 Cal.4th 944 at p. 952.) The reasoning in *Britt* applies with equal force here—defendant caused law enforcement to continue to believe defendant's residence remained at the motel in Sylmar by not reporting his move, and his failure to file a letter providing his new address within five working days denied law enforcement the knowledge he had moved to another state. Both objectives kept law enforcement from knowing defendant's current residence, and a stay under section 654 was the proper remedy.

*Correction to the Abstract of Judgment*

Defendant points out that the abstract of judgment indicates the trial court stayed one of two prior prison term enhancements. However, this case involved only one prior prison term enhancement allegation. The trial court imposed the one-year term on that enhancement and did not strike any similar allegation. The Attorney General properly concedes the abstract of judgment must be corrected.

## DISPOSITION

The abstract of judgment is ordered amended to delete all reference to a second prior prison term under Penal Code section 667.5, subdivision (b). In all other respects, the judgment is affirmed.

Turner, P. J., and Armstrong, J., concurred.

A petition for rehearing was denied May 15, 2012, and appellant's petition for review by the Supreme Court was denied July 25, 2012, S202699.