Filed 8/26/15  P. v. Jackson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| THE PEOPLE, | B255071 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA088548) |
| v. | |
| MICHAEL JACKSON, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Los Angeles County. Bradford L. Andrews, Judge.  Affirmed, as modified.

Richard C. Gilman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General and Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Michael Jackson appeals from the judgment following his conviction of four counts relating to failure to update his sex offender registration. We conclude that sentence on one count should have been stayed under Penal Code section 654, not imposed concurrently. We also conclude the abstract of judgment does not properly reflect the court operations and conviction assessments imposed, nor does it properly identify one of the offenses of which defendant was convicted. We modify the judgment, direct the trial court to modify the abstract, and otherwise affirm.

## PROCEDURAL BACKGROUND

Defendant was required to register as a sex offender. By amended information, defendant was charged with four counts of failure to register: (1) in October 2010, failing to file a change of address with the last agency with which he had registered (Pen. Code, § 290.013, subd. (a));[1] (2) in October 2010, failing to file a new registration after changing his address (§ 290, subd. (b)); (3) in March 2011, failing to update his registration within five days of his birthday (§ 290.012); and (4) in March 2012, failing to update his registration within five days of his birthday. It was also alleged that defendant had suffered three prior strikes (§ 1170.12) and two prior prison terms (§ 667.5, subd. (b)).

Defendant entered a plea of not guilty and the case proceeded to trial. The jury found defendant guilty of the four offenses charged. Defendant waived jury on the prior conviction allegations. The prosecution chose to proceed on one strike and one prior prison term only; defendant admitted those allegations.

Defendant was sentenced to six years in prison, calculated as the high term of three years on count one, doubled for the strike. The court struck the prior prison term for sentencing. Defendant was sentenced to concurrent four-year terms (the middle term of two years, doubled) for each remaining count. The court imposed a restitution fine

---

[1]    All further undesignated section references are to the Penal Code.

2

and the necessary court operations and conviction assessments. Defendant filed a timely notice of appeal.

On October 24, 2014, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 in which no issues were raised. Having been informed of his right to raise any issues he wanted the court to consider, defendant requested a change of appointed counsel and a change of venue (outside of California), as he believed both his attorney and all California courts were biased against him.[2]

We conducted an independent review of the record and identified three issues which warranted further briefing: (1) whether the jury was properly instructed on the elements of count one; (2) whether defendant's sentence on count two should have been stayed under Penal Code section 654; and (3) whether the abstract of judgment properly reflected the assessments imposed by the court. Defense counsel filed a brief addressing the first two issues; the Attorney General briefed all three.

**FACTS**

Defendant had previously been convicted of rape, and understood that this required him to register as a sex offender for the rest of his life. Defendant last registered with the Long Beach Police Department on September 7, 2010. He knew that his registration requirements included annually updating his registration shortly after his birthday, and notifying both the last registering agency and the new jurisdiction whenever he moved.

Defendant admitted that he filed no registration after September 7, 2010. He left Long Beach in late September 2010 and went to San Francisco. He did not notify the Long Beach or San Francisco authorities of the move; nor did he file an annual registration around his birthday in 2011 or 2012. Defendant testified that he did not register because he feared for his life. He believed the police departments and the parole

---

[2] We deny defendant's request for new counsel and change of venue as being without merit.

3

offices have a conspiracy to kill him. He testified that the police want him to go to the police station to register so that they can kill him there.

## DISCUSSION

*1.      Any Error in Orally Instructing the Jury was Harmless*

Counts one and two arose from defendant's move from Long Beach to San Francisco in September 2010. Count one charged defendant with failing to inform his old registering agency (Long Beach Police Department) when he moved away. Count two charged defendant with failing to register with his new registering agency (San Francisco Police Department) when he relocated. However, according to the reporter's transcript, when the court orally instructed the jury on count one, the court simply read the elements of count two. In other words, the court read the instructions on count one and count two as *both* pertaining to a failure to register in a new jurisdiction when moving into it. The court's written instructions, however, properly set forth the elements of each offense.

" 'It is generally presumed that the jury was guided by the written instructions.' [Citations.] The written version of jury instructions governs any conflict with oral instructions. [Citations.] Consequently, as long as the court provides accurate written instructions to the jury to use during deliberations, no prejudicial error occurs from deviations in the oral instructions. [Citations.]" (*People v. Rodriguez* (2000) 77 Cal.App.4th 1101, 1112-1113.) Defendant argues, however, that it cannot be established that the jury received the court's written instructions in this case. The jury was twice informed, during instruction, that it would receive the instructions in writing. When the jury has been twice instructed that it would receive written instructions, we presume that if the jury had not received the instructions, it would have so informed the court. (*People v. Mungia* (2008) 44 Cal.4th 1101, 1133.) As the jury made no inquiry, we conclude that the jury was given the written instructions. (*Ibid.*) Any error in the oral instructions was therefore harmless.

4

*2.* *The Sentence on Count Two Should Have Been Stayed*

As noted above, counts one and two both related to defendant's move from Long Beach to San Francisco; count one arose from his failure to notify the Long Beach authorities and count two arose from his failure to notify the San Francisco authorities. When a defendant has committed two failure-to-register offenses arising out of the failure to make two different notifications required by a single move, the defendant had the same objective (avoiding police surveillance) in committing both crimes, and cannot, under section 654, be sentenced for both. (*People v. Britt* (2004) 32 Cal.4th 944, 952-954; *People v. Villegas* (2012) 205 Cal.App.4th 642, 647-648.) The trial court therefore erred in imposing a concurrent sentence on count two; the sentence should have been stayed under section 654.[3]

*3.* *Errors in the Abstract*

The trial court is required to impose a $30 conviction assessment for court facilities (Gov. Code, § 70373, subd. (a)(1)), and a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)) for each count of which the defendant is convicted. A Penal Code section 654 stay has no effect on these assessments. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 484.) In this case, the court properly imposed these assessments on all four counts, but the abstract of judgment indicates assessments only on three counts.[4] The abstract must therefore be modified to properly indicate the assessments imposed.

It has also come to our attention that the abstract erroneously describes counts 3 and 4. Section 290.012 subdivision (a) requires sex offender registrants to update their

---

[3] Sentences on the remaining offenses, arising from the failure to update defendant's annual registration, were not required to be stayed. (*People v. Meeks* (2004) 123 Cal.App.4th 695, 705-706.)

[4] The court imposed the assessments on count one, and then together imposed the assessments on the three concurrent counts. It appears that the abstract recorded only the latter assessments.

registration annually on their birthday. Subdivision (b) of that section requires individuals adjudicated sexually violent predators to verify their registration every 90 days. The information charged defendant with failing to update his registration annually, but identified the offense as a violation of subdivision (b).[5] The jury was properly instructed on the elements of the subdivision (a) offense (failing to register annually), although both the jury instructions and the verdict forms mistakenly identified the offense as subdivision (b). Ultimately, the abstract indicates defendant was convicted of violating section "290.012(b)," described as "FAIL UPDTE REG 90DYS." This is mistaken; the abstract must be modified to indicate a violation of section 290.012(a), failure to update annual registration.

## DISPOSITION

The judgment is modified so that the sentence on count 2 is stayed under Penal Code section 654. The superior court is directed to modify the abstract of judgment to reflect that: (1) The sentence on count 2 is stayed; (2) counts 3 and 4 were violations of Penal Code section 290.012 subdivision (a), not (b), and the offense is failure to update annual registration, not failure to update registration in 90 days; (3) the total court operations assessment (Pen. Code, § 1465.8) is $160, not $120; and (4) the total conviction assessment (Gov. Code, § 70373) is $120, not $90. As modified, the judgment is affirmed.

RUBIN, J.

WE CONCUR:

BIGELOW, P. J.                                          GRIMES, J.

---

[5]      The original information also included language suggesting defendant was a mentally disordered sex offender, but that designation is not found in section 290.012. In any event, the language was stricken by interlineation.

6