Filed 6/26/20

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C089670 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF182023) |
| v. | |
| SEAN MICHAEL DUFFY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Yolo County, Timothy L. Fall, Judge. Affirmed as modified.

Gillian Black, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part I of the Discussion.

1

A jury found defendant Sean Michael Duffy guilty of numerous counts related to his possession of a stolen firearm and the trial court found true three prior prison term enhancement allegations. The trial court sentenced defendant to an aggregate term of five years, which included three consecutive one-year terms for each of the prior prison term enhancements.

Defendant contends on appeal that this court should strike the one-year prior prison term enhancements in light of newly enacted Senate Bill No. 136, which amended Penal Code[1] section 667.5, subdivision (b) by limiting the offenses that qualify for the enhancement. The People concede the three prior prison term enhancements should be stricken. Defendant also contends three of the counts describe alternate ways of committing the same offense -- possession of a concealed firearm in a vehicle -- and, thus, are not separate offenses. Therefore two of those three convictions must be stricken. We agree. Accordingly, we shall strike the prior prison term enhancements and convictions on counts 4 and 6.[2] The matter is remanded for resentencing. As modified, the judgment is affirmed.

## BACKGROUND

Responding to an early morning call, Woodland police officers searched the car defendant had been sleeping in. Under a sweater on the driver's seat, they found a .45-caliber handgun in a holster. The gun was loaded and stolen.

Defendant was charged with possession of a controlled substance while armed with a loaded firearm (count 1); possession of a firearm by a felon (count 2); possession of ammunition by a felon (count 3); carrying a concealed firearm on his person after a

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Defendant also contends there is insufficient evidence to support his conviction on count 4. Since we are striking the conviction, we need not address this claim.

2

felony conviction (count 4); carrying a concealed firearm in a vehicle when the firearm is stolen (count 5); carrying a concealed firearm in a vehicle when the firearm is loaded and the person is not the registered owner (count 6); receiving stolen property (count 7); possession of a controlled substance (count 8); and possession of burglary tools (count 9). It was further alleged defendant committed the offenses while released on bail and defendant had served three prior prison terms.

A jury found defendant guilty on counts 2 through 7 and not guilty as to counts 1, 8, and 9. The jury also found the three prior prison term enhancements true and the on bail enhancement not true. The trial court sentenced defendant to an aggregate term of five years including one-year terms on each of the three prior prison enhancements. The trial court also awarded defendant a total of 856 days of presentence custody credit.

DISCUSSION

I

*Senate Bill No. 136*

Defendant contends the three one-year prior prison term enhancements imposed pursuant to section 667.5, subdivision (b), must be stricken pursuant to the amendment to section 667.5, subdivision (b) by Senate Bill No. 136, effective January 1, 2020. The People agree.

Signed by the Governor on October 8, 2019, and effective January 1, 2020, Senate Bill No. 136 amends section 667.5, subdivision (b), to eliminate the one-year prior prison term enhancement for most prior convictions. (Stats. 2019, ch. 590, § 1.) An exception, not applicable here, is made for a qualifying prior conviction on a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b).

Because Senate Bill No. 136 became effective before defendant's judgment becomes final, we agree with the parties that the amended law will apply to him retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when

3

statute takes effect].)  Accordingly, defendant's three section 667.5, subdivision (b) enhancements must be stricken.

Because the trial court imposed the middle term at sentencing on count 2,[3] we will direct the trial court to strike defendant's prior prison term enhancements and "remand the matter for resentencing to allow the court to exercise its sentencing discretion in light of the changed circumstances." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

II

*Section 25400*

Defendant contends his three convictions under section 25400, counts 4, 5, and 6, are improper, as the statute describes a single offense, carrying a concealed firearm and he carried only a single concealed firearm.  Thus, he argues, he can be convicted only once for that violation.  The People concede that defendant cannot be convicted of the two offenses of carrying a concealed firearm in his vehicle, but argue carrying a concealed firearm on his person is a separate offense from carrying a concealed firearm in his vehicle, thus supporting two convictions under section 25400.

Section 954 provides, in pertinent part, that "[a]n accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense . . . under separate counts . . . .  The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged . . . ."  "Thus multiple charges and multiple convictions can be based on a single criminal act, if the charges allege separate offenses." (*People v. Muhammad* (2007)

---

[3]    In concluding the middle term was the appropriate sentence, the trial court specifically noted as a factor that the enhancements added a significant amount of time to defendant's sentence, "equal to what would be the most that could be imposed on any of the counts."

4

157 Cal.App.4th 484, 490; see *People v. Ryan* (2006) 138 Cal.App.4th 360, 368.) However, section 954 " 'does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct.' " (*People v. Vidana* (2016) 1 Cal.5th 632, 650.) That is, section 954 prohibits multiple convictions for the same offense based on alternate legal theories. (*Vidana*, at pp. 650-651.) " 'If only a single act is charged as the basis for multiple convictions, only one conviction can be affirmed, notwithstanding that the offenses are not necessarily included offenses. . . .' " (*People v. Beamon* (1973) 8 Cal.3d 625, 637.) We review, de novo, the issue of whether multiple convictions are proper under section 954. (*People v. Villegas* (2012) 205 Cal.App.4th 642, 646.)

Defendant was charged with two counts of carrying a concealed weapon in a vehicle and one count of carrying a concealed weapon on his person, each based on a single act and firearm. To determine whether defendant was properly convicted on two of the three counts, carrying a concealed weapon on his person and carrying a concealed weapon in a vehicle, we must determine whether subdivision (a)(1), (a)(2), and (a)(3) of section 25400 define " 'different offenses or merely describe different ways of committing the same offense.' " (*People v. Vidana*, *supra*, 1 Cal.5th at p. 637). The resolution of this question " 'properly turns on the Legislature's intent,' and 'if the Legislature meant to define only one offense, we may not turn it into two.' " (*Ibid.*) We focus on the statutory language, giving the words " ' "a plain and commonsense meaning" ' " and construing them " ' " ' " 'in context, keeping in mind the nature and obvious purpose of the statute . . . .' ' " ' " (*People v. Gonzalez* (2014) 60 Cal.4th 533, 537.) We also consider the structure of the statute, including whether the subdivisions are drafted to be self-contained or contain separate elements and punishments. (*Id*. at p. 539.)

Section 25400 states:

"(a) A person is guilty of carrying a concealed firearm when the person does any of the following:

"(1) Carries concealed within any vehicle that is under the person's control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

"(2) Carries concealed upon the person any pistol, revolver, or other firearm capable of being concealed upon the person.

"(3) Causes to be carried concealed within any vehicle in which the person is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person."

Section 25400, subdivision (b) clarifies a firearm carried in a holster is not concealed.  Section 25400 subdivision (c) delineates penalty provisions which specify conditions which result in the imposition of particular punishments.[4]

---

[4] Section 25400, subdivision (c) provides:

"(c) Carrying a concealed firearm in violation of this section is punishable as follows:

"(1) If the person previously has been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, as a felony.

"(2) If the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

"(3) If the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

"(4) If the person is not in lawful possession of the firearm or the person is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of

6

Section 25400 is structurally similar to section 25850, which defines the offense of carrying a loaded firearm, on the person or in a vehicle, in subdivision (a), and delineates the penalties for that offense, depending on the circumstances surrounding the offense or offender in subdivision (c). (§ 25850, subds. (a) & (c).) Section 25850, subdivision (a), is the successor statute to former section 12031, subdivision (a)(1), which was also repealed in 2010 as part of the Deadly Weapons Recodification Act of 2010 (Act). (§ 16000 et seq.) Section 12031, subdivision (a)(1) provided: "A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory."

---

Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, as a felony.

"(5) If the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

"(6) If both of the following conditions are met, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment:

"(A) The pistol, revolver, or other firearm capable of being concealed upon the person is loaded, or both it and the unexpended ammunition capable of being discharged from it are in the immediate possession of the person or readily accessible to that person.

"(B) The person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that pistol, revolver, or other firearm capable of being concealed upon the person.

"(7) In all cases other than those specified in paragraphs (1) to (6), inclusive, by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine."

Section 12031, subdivision (a)(2) sets forth various punishments for carrying a loaded firearm.  (Former § 12031, Stats. 2009, ch. 28, § 1.)

In *People v. Ramon* (2009) 175 Cal.App.4th 843, the Fifth Appellate District addressed whether the defendant could be convicted of two charges of carrying the same loaded firearm under two different provisions of section 12031, subdivision (a)(2).  The jury found Ramon guilty of possession of a loaded firearm while a member of a criminal street gang (§ 12031, subd. (a)(2)(C)) and possession of a loaded firearm for which he was not the registered owner (§ 12031, subd. (a)(2)(F)).  (*Ramon*, at p. 853.)  Ramon contended that he could not be convicted of both, as they were not separate offenses.  (*Id.* at p. 854.)  The Fifth District agreed, and concluded the provisions of section 12031, subdivision (a)(1) set forth the elements of the offense of carrying a loaded firearm, whether it be on the person or in a vehicle; and, the provisions of section 12031, subdivision (a)(2) established the punishment for violating subdivision (a)(1), "depending on the circumstances surrounding the offense or the offender."  (*Ramon*, at p. 857.)  The offense is a felony if the defendant has a previous felony conviction, or previous conviction of this chapter (§ 12031, subd. (a)(2)(A)), the firearm is stolen (§ 12031, subd. (a)(2)(B)), defendant is a member of a criminal street gang (§ 12031, subd. (a)(2)(C)), or the defendant does not lawfully possess the firearm (§ 12031, subd. (a)(2)(D)).  The offense is a wobbler if the defendant has certain specified prior convictions (§ 12031, subd. (a)(2)(E)), or if the defendant is not the registered owner of the firearm (§ 12031, subd. (a)(2)(F)).  Otherwise, the offense is a misdemeanor (§ 12031, subd. (a)(2)(G)).  (*Ramon*, at p. 857.)  The Fifth District held "a violation of section 12031, subdivision (a)(1) is a crime, and subdivision (a)(2)(A) through (G) of section 12031 simply establishes the penalty based on the circumstances of the offense and the offender."  (*Ibid.*)

Just as section 12031, subdivision (a)(1) defined the general offense of carrying a loaded firearm, so too, does section 25400, subdivision (a)(1) and (a)(2) define the

8

general offense of carrying a concealed firearm, either on the person or in a vehicle. And, as the provisions of section 12031, subdivision (a)(2) detailed various penalties, depending on the circumstances of the offense and offender, so too does section 25400, subdivision (c)(1) through (7), making it a felony offense if: the defendant has previously been convicted of a felony (§ 25400, subd. (c)(1)), if the firearm was stolen and the person knew or had reason to know it was stolen (§ 25400, subd. (c)(2)), if the person was an active participant in a criminal street gang (§ 25400, subd. (c)(3)), if the person is not in lawful possession of the firearm or is prohibited from lawfully possessing a firearm (§ 25400, subd. (c)(4)); making the offense a wobbler if the person has a specific class of prior convictions (§ 25400, subd. (c)(5)), or if the firearm is loaded and the person is not the registered owner of the firearm (§ 25400, subd. (c)(6)); and, making the offense a misdemeanor in all other cases (§ 25400, subd. (c)(7)). These penalties and circumstances closely track the provisions of section 12031.

The legislative history also supports the conclusion that the Legislature intended to define only one offense, not two. Section 25400, subdivision (a) is the successor statute to former section 12025, subdivision (a), which was repealed by the Act. The Act was not intended to substantively change the law relating to deadly weapons and was "intended to be entirely nonsubstantive in effect." (§ 16005.) Provisions of the Act are intended to be restatements and continuation of prior statutes in the absence of the appearance of a contrary legislative intent. (§ 16010.) There is no indication in the legislative history of any such contrary legislative intent relative to section 25400. (Former § 12025; see Historical and Statutory Notes, 51D, pt. 1 West's Ann. Pen. Code (2012 ed.) foll. § 12020, pp 45-47.)

As added in 1953, carrying a firearm concealed upon the person and carrying a concealed firearm within a vehicle under one's control were contained in a single subdivision. There was no separation of ways in which one could carry a concealed firearm. (Former § 12025, Stats. 1953, ch. 36, p. 654, § 1 ["Except as otherwise provided

9

in this chapter, any person who carries concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to carry such firearm as provided in this chapter is guilty of a misdemeanor, and if he has been convicted previously of any felony or of any crime made punishable by this chapter, is guilty of a felony"].)  In 1975, the statute was amended to place carrying a concealed firearm in a vehicle and carrying a concealed firearm on the person into different subdivisions within the statute.  (See former § 12025, Stats. 1975, ch. 1161, p. 2877, § 2 ["(a) Except as otherwise provided in this chapter, any person who carries concealed within any vehicle which is under his control or direction any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to carry such firearm as provided in this chapter is guilty of a misdemeanor, and if he has been convicted previously of any felony or of any crime made punishable by this chapter, is guilty of a felony punishable by imprisonment in a state prison not to exceed three years.  [¶] (b) Any person who carries concealed upon his person any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to carry such firearm as provided in this chapter is guilty of a misdemeanor, except any person, having been convicted of a crime against the person, property or a narcotics or dangerous drug violation, who carries concealed upon his person any pistol, revolver, or other firearm capable of being concealed upon the person without having a license to carry such firearm as provided in this chapter is guilty of a public offense and is punishable by imprisonment in a state prison not to exceed three years, or by imprisonment in a county jail not to exceed six months, or by fine not to exceed five hundred dollars ($500), or by both such fine and imprisonment, and if he has been convicted previously of any felony or of any crime made punishable by this chapter, is guilty of a felony punishable by imprisonment in a state prison not to exceed three years"]; see former § 12025, subds. (a) & (b), Stats. 1992, ch. 1340, pp. 6586-6587, § 6.)

10

In 1996, the statute was amended to reflect its current structure delineating different ways the offense could be committed in subdivision (a) and the penalty provisions in a separate subdivision. (Former § 12025, Stats. 1996, ch. 787, pp. 4152-4153, § 2.) At no point in the legislative history of the amendments is there an indication the Legislature intended carrying a concealed firearm on the person or in a vehicle to be separate offenses. Rather, the legislative histories refer only to the offense of carrying a concealed firearm and refer to it as a singular offense. (See Assem. Bill No. 482 (1993-1994 Reg. Sess.) ¶ (4) ["Existing law provides that the crime of carrying a concealed firearm is generally punishable as a misdemeanor, except that where the person previously has been convicted of a felony or of any crime made punishable with regard to existing law governing the unlawful carrying and possession of concealed weapons, the crime is punishable as a felony"]; Assem. Bill No. 632 (1995-1996 Reg. Sess.) ¶ (1) ["Under existing law, a person who carries a concealed firearm on his or her person, as specified, or within any vehicle, as specified, is guilty of carrying a concealed firearm punishable as a misdemeanor or a felony. This offense is punishable only as a felony where the person previously has been convicted of a felony or a specified firearms offense. [¶] This bill would also make this offense punishable only as a felony in the circumstance where the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, or the person is an active participant in a criminal street gang, as defined, or the person is not in lawful possession of the firearm, as defined, or is within a class of persons prohibited by specified provisions from possessing or acquiring a firearm"].)

Given the structure of the statute, and the reasoning in *Ramon* regarding a structurally similar statute, and the legislative history referring to carrying a concealed weapon as a single offense, irrespective of whether the firearm was carried on the person or in a vehicle, we conclude carrying a concealed firearm on his person after a felony conviction (§ 25400, subds. (a)(2)/(c)(1) -- count 4), carrying a concealed firearm in a

11

vehicle, when the firearm is stolen (§ 25400, subds. (a)(1)/(c)(2) -- count 5), and carrying a concealed firearm in a vehicle, when the firearm is loaded and the person is not the registered owner (§ 25400, subds. (a)(1)/(c)(6) -- count 6) do not describe separate offenses. Section 25400, subdivision (a) describes the offense of carrying a concealed weapon and subdivision (c) establishes the penalty depending on the circumstances of the offense and offender. Accordingly, the trial court erred when it entered judgment on counts 4, 5 and 6 for three violations of section 25400, subdivision (a). Under the facts of this case, defendant violated section 25400, subdivision (a) only once and can be convicted only once for this crime. (See *People v. Ramon*, *supra*, 175 Cal.App.4th pp. 857-858.) We will, therefore, order the convictions for violating section 25400, subdivisions (a)(2)/(c)(1) (count 4) and section 25400, subdivisions (a)(1)/(c)(6) (count 6) stricken and affirm the conviction for violating section 25400, subdivisions (a)(1)/(c)(2) (count 5).

## DISPOSITION

The trial court is directed to strike defendant's three section 667.5, subdivision (b) prior prison term enhancements and to strike defendant's convictions on counts 4 and 6. The matter is remanded for resentencing not inconsistent with this opinion. In all other respects, the judgment is affirmed.

/s/                    
Robie, Acting P. J.

We concur:


/s/                    
Butz, J.


/s/                    
Krause, J.