Filed 11/13/20  P. v. Pierre CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE, | B297594 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA097018) |
| v. | |
| ERIC PIERRE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Affirmed, with instructions.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.

———————————————

A jury convicted defendant and appellant Eric Pierre of firearm possession with a prior violent felony conviction (Pen. Code, § 29900, subd. (a)(1) [count 1]);[1] firearm possession by a felon (§ 29800, subd. (a)(1) [count 2]); and unlawful possession of ammunition (§ 30305 subd. (a)(1) [count 3]).  Further, appellant admitted that he had suffered two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and admitted that he was released from custody on bail at the time of the commission of counts 1 and 2 (§ 12022.1).

Appellant was sentenced to a total of nine years, as follows:  the upper term of three years on count 1, which was doubled to six years under the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), two years for the on-bail enhancement (§ 12022.1), and one year for a prior prison term enhancement (§ 667.5, subd. (b)).[2]  A concurrent term

———————————

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The information alleged a prior prison term enhancement under section 667.5 subdivision (b), which appellant contends was never admitted or found true by the trial court or a jury, see *post*.

2

of six years was imposed on count 2, and a six-year term was imposed and stayed under section 654 on count 3.  The court imposed various fines and fees, including a $300 restitution fine (§ 1202.4, subd. (b)), a total of $120 in court operations assessments (§ 1465.8, subd. (a)(1)), and a total of $90 in court facilities assessments (Gov. Code, § 70373).

On appeal, appellant contends that (1) the prior prison term enhancement imposed under section 667.5, subdivision (b) should be stricken; (2) the trial court erred in imposing a concurrent sentence in count 2, rather than staying the sentence under section 654; and (3) the trial court violated his due process rights by imposing the restitution fine and assessments without first determining his ability to pay.

We agree with appellant's first two arguments, which the People also concede, but reject appellant's argument that he was entitled to a hearing on his ability to pay assessments and the restitution fine.  We order the section 667.5, subdivision (b) enhancement stricken, and the sentence in count 2 stayed pursuant to section 654.  We affirm the judgment as modified.

## FACTS

On October 9, 2017, Los Angeles Sheriff's Department Deputy Marcus Chatman and his partner were on patrol when Deputy Chatman received an anonymous call regarding a black male wearing a white T-shirt and jeans with a gun at 1230 West 107th Street in Los Angeles.  The

deputies responded, and encountered appellant, who matched the caller's description, underneath a carport near the reported location. The deputies exited their patrol car and approached appellant, who turned and walked to the back of the carport. Appellant moved his left arm and appeared to be placing something down near the carport's back wall. As he did, Deputy Chatman heard the sound of a heavy object falling.

The deputies detained appellant. Deputy Chatman recovered a gun in a space between two sections of the carport wall. A live round was chambered in the gun and 11 live "hollow point" cartridges were loaded in the magazine. The gun was unregistered, and it appeared to be in good working order.

## DISCUSSION

### Section 667.5

Appellant contends, and the People concede, that the prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) must be stricken pursuant to amendments effected by Senate Bill No. 136 (2019–2020 Reg. Sess.). We agree.[3]

---

[3] Appellant also argues that the enhancement should be stricken because he did not admit the prior conviction, and neither the court nor jury found the sentencing enhancement to be true. We need not address this

4

On October 8, 2019, the Governor signed Senate Bill No. 136 into law.  The new law, which became effective on January 1, 2020, amends section 667.5, subdivision (b), which formerly imposed a one-year sentence enhancement for each separate prior prison term or county jail term imposed under section 1170, subdivision (h), where defendant had not remained free of custody for at least five years.  (Former § 667.5, subd. (b).)  Pursuant to Senate Bill No. 136, the enhancement now applies only if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (See Stats. 2019, ch. 590, § 1.)

Because his sentence was not final when Senate Bill No. 136 took effect and because his prior offenses were not for sexually violent felonies, we agree with the parties that the amended law applies to defendant retroactively.  (*People v. Herrera* (2020) 52 Cal.App.5th 982, 995–996; *People v. Petri* (2020) 45 Cal.App.5th 82, 93–94; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681–682; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342 (*Lopez*).)  We modify the judgment to strike appellant's prior prison term enhancement.  We need not remand this matter for resentencing, as the trial court already imposed the maximum sentence available. (See *Lopez*, at p. 342.)

---

argument, because we conclude that the sentence is unauthorized pursuant to section 667.5, subdivision (b).

5

## Section 654

Appellant contends, and the People concede, that the sentence imposed concurrently in count 2, which was based on the same act as the conviction in count 1, must be stayed pursuant to section 654. We agree.

Under section 654, subdivision (a), "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision . . . ." The question whether section 654 applies is one of fact for the trial court, which is "vested with broad latitude in making its determination." (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1378 (*Ortiz*).) We review the trial court's factual determinations for substantial evidence (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1338), viewing the evidence in the light most favorable to those determinations (*Ortiz, supra*, at p. 1378; *People v. Jones* (2002) 103 Cal.App.4th 1139, 1143).

"The test for determining whether section 654 prohibits multiple punishment has long been established: 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Britt* (2004) 32 Cal.4th 944, 951–

952, disapproved on another ground in *People v. Correa* (2012) 54 Cal.4th 331 (*Britt*).) "If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' [Citation.]" (*People v. Harrison* (1989) 48 Cal.3d 321, 335; accord, *People v. Vu* (2006) 143 Cal.App.4th 1009, 1033.) ""The principal inquiry in each case is whether the defendant's criminal intent and objective were single or multiple." [Citation.] "A defendant's criminal objective is 'determined from all the circumstances . . . .'"" [Citation.]" (*People v. Sok* (2010) 181 Cal.App.4th 88, 99; see *Britt*, *supra*, at p. 954.)

At the sentencing hearing, the court stated that it had read the sentencing briefs from both sides, and asked the parties if they had recommendations with respect to appellant's sentence. As relevant here, defense counsel asserted that the sentence in count 2 should be stayed pursuant to section 654. Both the court and the prosecutor agreed. Later, however, the court orally imposed a sentence of six years in count 2, to run concurrently with the term in count 1. This appears to have been a simple oversight. Appellant's convictions for firearm possession with a prior violent felony conviction (count 1) and firearm possession by a felon (count 2) were based on a single physical act—"a single possession . . . of a single firearm on a single occasion."

7

(*People v. Jones* (2012) 54 Cal.4th 350, 357.) Thus, "section 654 prohibits multiple punishment." (*Id.* at p. 360.) Accordingly, we order the judgment modified to stay the sentence on count 2.

## Ability to Pay

Appellant argues that, under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the trial court violated his federal and state right to due process by imposing $120 in court operations assessments (§ 1465.8, subd. (a)(1)), $90 in court facilities assessments (Gov. Code, § 70373), and a $300 restitution fine (§ 1202.4, subd. (b)), without first determining his ability to pay.[4] He urges us to remand the

---

[4] In *Dueñas*, the defendant requested, and the trial court granted, a hearing to determine her ability to pay a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $150 restitution fine (§ 1202.4, subd. (b)), as well as previously imposed attorney fees. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1162.) Dueñas presented undisputed evidence of her inability to pay, and the trial court waived the attorney fees. However, the court was statutorily required to impose the court facilities assessment and court operations assessment, and prohibited from considering Dueñas's inability to pay as a "'compelling and extraordinary reason[ ]'" that would permit waiver of the minimum restitution fine. (*Id.* at p. 1163.) It therefore imposed the assessments and fine despite its finding that Dueñas was unable to pay them. (*Ibid.*) The Court of Appeal reversed,

8

cause for the trial court to conduct a hearing to determine his ability to pay the assessments and fine. We agree with the People that appellant forfeited this issue by not raising it below.

At the sentencing hearing, the trial court pronounced the sentence and then imposed the assessments and fines at issue without objection from defense counsel. The court then engaged in a discussion with the parties regarding the calculation of appellant's custody credits. Before the custody credit issue was resolved, defense counsel informed the court: "I'd also like to state the client has requested a fee waiver because he is indigent." The court responded, "Let's handle this first. I'm not sure what that relates to." The parties resolved the custody credit issue, and the court asked if there was anything further that the parties wished to address. Defense counsel did not request to be heard on any other issues, did not request a hearing on ability to pay, and the proceedings were concluded.

Although in their brief the People anticipate that appellant might argue he did not forfeit his claim by arguing that the mention of a "fee waiver" operated as an objection,

_____

holding that due process requires trial courts to determine a defendant's ability to pay before it may impose the assessments mandated by section 1465.8 and Government Code section 70373, and requires trial courts to stay execution of any restitution fine imposed under section 1202.4, subdivision (b) until it has been determined that the defendant has the ability to pay the fine. (*Id.* at pp. 1172–1173.)

9

appellant did not file a reply brief in this matter, and thus never made the argument himself. Even if he had, we would reject it. Viewing defense counsel's vague statement in context, it appears that the reference was unrelated to the imposition of the assessments and fee, and instead referred to waiver of attorney fees. Even a defendant who is unable to pay attorney fees could be deemed able to pay the $510 imposed in this case—thus, a request for an attorney fees waiver cannot be viewed as necessarily encompassing a request for an ability to pay hearing with respect to the fine and assessments. Appellant was therefore required to object to imposition of the assessments and fine specifically to preserve the claim for appeal. In this case, the failure to object is not excusable. The appellate court issued its decision in *Dueñas* on January 8, 2019. Appellant's sentencing hearing was held two months later, on March 20, 2019. Thus, appellant could not claim that he lacked a basis for objecting. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489 [finding the defendant did not forfeit *Dueñas* argument because *Dueñas* was decided after sentencing]; see *People v. Aguilar* (2015) 60 Cal.4th 862, 866–867 [defendant's failure to object at sentencing to certain fees on the basis of his inability to pay forfeited the challenge on appeal]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [failure to raise issue and adduce evidence of inability to pay restitution fine forfeited issue].)

## DISPOSITION

Appellant's sentence in count 2 is stayed pursuant to section 654, and the prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) is stricken. The trial court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.


MOOR, J.

We concur:



RUBIN, P. J.



BAKER, J.