Filed 8/27/13  P. v. Madison CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C071371 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF120020) |
| v. | |
| JAHMAL ERIC MADISON, | |
| Defendant and Appellant. | |

Defendant Jahmal Eric Madison tangled with Carlitha Gordon outside a motel. Other people attempted to intervene.  An information charged defendant with one count of assault by means of force likely to produce great bodily injury and three counts of misdemeanor battery.  (Pen. Code, §§ 245, subd. (a)(1), 242.)[1]  A jury found defendant guilty on all counts.  Sentenced to 11 years in state prison, defendant appeals, contending the court erred in instructing the jury, sentencing error, and ineffective assistance of counsel.  We shall stay defendant's sentence on count 3; in all other respects we shall affirm the judgment.

---

[1]  All further statutory references are to the Penal Code unless otherwise designated.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Officers responded to a 911 call from a motel employee, Fred Gurr, who saw defendant in an altercation with Gordon. After interviewing Gordon, officers arrested defendant. An information charged defendant with one count of felony assault by means of force likely to produce great bodily injury and three counts of misdemeanor battery. The information also alleged defendant had been convicted of a prior serious or violent felony and had served three prior prison terms. (§§ 667, subds. (c) & (e)(1), 667.5, subd. (b).) Defendant entered a plea of not guilty.

A jury trial followed. The following evidence was introduced at trial.

In the waning days of 2011 Gurr was an employee at Silvey's Motel. Silvey's Motel is a one-story motel with approximately 50 rooms. Gurr lived in the motel next door to Scott Campos. Defendant was staying in another room.

One afternoon, as he cleaned a motel room, Gurr heard yelling and screaming. He went outside to "see what was going on." Gurr saw defendant and Gordon involved in a physical altercation. Defendant held Gordon "by the throat up against the wall and [was] yelling at her, and it looked like he was getting ready to hit her." Gordon was crying and unable to fight back. Her face was injured and bloody.

Gurr saw defendant swing at Gordon "one time." However, Gurr did not know "whether he hit her or not." Gurr asked defendant and Gordon "to take the problem off the property." In response, defendant tried to hit Gurr. Gurr called 911.

As Gurr called 911, defendant began to beat up Rebecca Wilson, who had attempted to intervene. Gurr saw defendant hitting and kicking Wilson. Wilson fell and defendant began kicking her in the face and ribs.

During defendant's attack on Wilson, Campos also attempted to intervene. Defendant hit Campos, pushed him down, and kicked him.

Officers responded to Gurr's 911 call. When they arrived, an officer contacted Wilson in the motel's parking lot. A visibly upset Wilson had "visual redness and

2

swelling on her cheekbone area right underneath her eyes." Wilson stated defendant caused the injuries. Gurr, Gordon, Wilson, and Campos identified defendant as their assailant.

An officer interviewed Gordon, who was "upset, quiet, [and] timid." Gordon's face was swollen and bleeding from her nose to her cheekbone.

Officers also interviewed Campos. Campos suffered injuries to his mouth and was bleeding "significantly from his gums." The jury saw photos of all three victims.

The jury found defendant guilty on all four counts. Defendant admitted the enhancement allegations.

The court sentenced defendant to 11 years in prison: the upper term of four years on count 1, doubled for the prior strike enhancement, plus an additional year for each of three prior prison terms. The court also sentenced defendant to concurrent terms of 90 days for each of the three misdemeanor battery counts. Defendant filed a timely notice of appeal.

## DISCUSSION

## INSTRUCTIONAL ERROR

Defendant argues the court failed to instruct on simple assault as a lesser included offense. Therefore, his conviction on count 1 must be reversed.

**Background**

The information charged defendant with assault by means of force likely to produce great bodily injury in count 1 against "R.W.," Rebecca Wilson. In count 3, defendant was charged with battery against Wilson.

During trial, the prosecution asked about lesser included offenses. Defense counsel stated: "[I]t's really not necessary, if the charging document is correct. Count 3 is what I am arguing is my defense, but it's Count 3 not Count 1. . . . I suppose the lesser for Count 1 could be a [section] 240, but it seems to me that the [section] 240 would be completed, if a guilty [*sic*] of Count 3, which is the battery."

3

The trial court asked the prosecution whether count 3 was an alternative to count 1 or if they were two different attacks. The prosecution stated it was the "same event" and would "be deemed [a] lesser included offense."

The trial court reasoned: "Count 1, lesser included is, of course, [sections] 242 and 240, but the Court typically does not instruct on the [section] 240. The lesser included, if it's not supported by the evidence if a touching occurred, then there is no [section] 240, 242." Defense counsel agreed, stating that her "position on how the evidence [was] going to play out, a completed assault, which would make it a battery [and] wouldn't need a lesser."

The court instructed with CALCRIM No. 875 on count 1 and CALCRIM No. 960 on the remaining counts. CALCRIM No. 875, as given to the jury, provides in part: "The defendant is charged . . . with assault with force likely to produce great bodily injury in violation of Penal Code section 245[, subdivision] (a)(1). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1A. The defendant did an act that by its nature would directly and probably result in the application of force to a person, and [¶] 1B. The force used was likely to produce great bodily injury; [¶] 2. The defendant did that act willfully; [¶] 3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone; [¶] and [¶] 4. When the defendant acted, he had the present ability to apply force likely to produce great bodily injury."

CALCRIM No. 960, as given, provides in part: "The defendant is charged . . . with battery in violation of Penal Code section 242. To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant willfully and unlawfully touched Carlitha Gordon, Rebecca Wilson and Scott Campos in a harmful or offensive manner."

4

During closing argument, the prosecutor argued the facts supported defendant's conviction of assault in count 1 and the batteries charged in counts 2 through 4. Defense counsel stated that justice would demand the jury find defendant guilty on counts 2 through 4, but that the force used by defendant was not "likely to cause a significant or substantial physical injury" and that the jury should not convict on count 1.

**Discussion**

A trial court has a duty, even in the absence of a request, to instruct on general principles of law relevant to the issues raised by the evidence and necessary to the jury's understanding of the case. Included in this duty is an obligation to instruct on lesser included offenses when the evidence raises a question as to whether the greater, charged crime has been proven and there is substantial evidence that only a lesser included crime was committed. (*People v. Breverman* (1998) 19 Cal.4th 142, 154 (*Breverman*).) If the trial court fails to instruct on a lesser included offense, we reverse only if, after considering the entire record, we find a reasonable probability that the error affected the outcome of the trial. (*Id*. at p. 165.)

Defendant insists such evidence exists in the present case. Specifically, defendant challenges the eyewitness testimony of Gurr, who stated he saw defendant hitting and kicking Wilson as she lay on the ground. According to defendant, the layout of the motel and the presence of parked cars obstructed Gurr's vision. In addition, photographs of Wilson's injuries "do not appear to be as severe as one might expect based on Gurr's testimony." Defendant contends reasonable jurors, hearing this evidence, could have concluded Gurr's testimony and Wilson's injuries failed to prove beyond a reasonable doubt that defendant struck her with force likely to produce great bodily harm.

However, the existence of any evidence, " 'no matter how weak,' " will not justify instructions on a lesser offense. (*Breverman*, *supra*, 19 Cal.4th at p. 162.) Instead, such instructions are required only if the evidence that defendant is guilty only of the lesser offense is " 'substantial enough to merit consideration' " by the jury. (*Ibid.*)

5

Here, Gurr testified he witnessed defendant hitting and kicking Wilson. Defendant continued to kick the prone Wilson in the face and ribs after she fell to the ground. This evidence supported the jury's finding that defendant attacked Wilson with force likely to cause great bodily injury. Notwithstanding defendant's challenge to Gurr's credibility and interpretation of the photographs of Wilson's wounds, we do not find it reasonably probable the jury would have found defendant guilty of simple assault had the lesser offense instruction been given. (*People v. Rogers* (2006) 39 Cal.4th 826, 867-868.)

## SENTENCING ERROR

Defendant argues the trial court erroneously imposed sentences on both counts 1 and 3 in violation of section 654. The People concede the court erred in sentencing defendant on both counts 1 and 3.

**Background**

In count 1 defendant was charged with assault by means of force likely to produce great bodily injury against Wilson. In count 3 defendant was charged with misdemeanor battery against Wilson. When queried by the court as to whether count 3 was an alternative to count 1 or if they were two different attacks, the prosecution responded they were the "same event" and that it would be "deemed [a] lesser included offense."

**Discussion**

Section 654, subdivision (a) provides, in part, that an "act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." The court cannot impose such multiple punishments for offenses arising out of a course of conduct that violates more than one statute but constitutes an indivisible transaction. (*People v. Britt* (2004) 32 Cal.4th 944, 951-952.)

6

In the present case, the evidence established that counts 1 and 3 were all part of one continuous course of conduct. Defendant attacked Wilson, committing an assault, count 1, and a battery, count 3. The People conceded this in the trial court. Accordingly, defendant's sentence on count 3 must be stayed.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Finally, defendant argues his sentence must be reversed because of the trial court's failure to conduct a hearing on defendant's allegations regarding evidentiary issues at trial and to appoint new counsel to bring a motion for a new trial. According to defendant, he "provided a colorable claim of ineffective assistance during his sentencing hearing," which should have led the court to conduct a *Marsden* hearing.[2]

**Background**

At trial, evidence of defendant's attacks on Gordon, Wilson, and Campos was presented by Gurr and the officer who responded to the 911 call. The victims did not testify.

The officer testified that Wilson stated defendant attacked her. Defense counsel objected on grounds of hearsay. The prosecution argued the evidence was admissible under the excited utterance exception to the hearsay rule. The court agreed and overruled defense counsel's hearsay objection. After the prosecution questioned the officer about Gordon's injuries and who had caused them, defense counsel again objected on hearsay grounds. The prosecution retreated from this line of questioning.

During sentencing, the court noted defendant had a concern he wanted to bring to the court's attention. Defense counsel explained defendant's concern was "evidence that was introduced for the trial in regards to witnesses who weren't present who were the

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

7

victims of the offenses." Defense counsel further explained that defendant's concerns arose from "his failure to understand the way exceptions to the hearsay rule work."

In response, the trial court stated that these evidentiary rulings were made in the course of trial and could be challenged on appeal. The court also stated sometimes victims did not testify at trial.

Defendant responded: "Your honor, the case is not a murder case. A lawyer studied this in the law library. [¶] My accusers, they weren't even in court to testify. A man came in who was an enemy of mine and made some statements. I don't care what he said, doesn't matter. There's no relevance to that. [¶] The people who were victims never even showed up in court so I could get a speedy trial, sir. They never came one time. I was not able to test them, and then I was found guilty." The trial court asked defendant to stop interrupting the sentencing hearing and imposed sentence.

**Discussion**

Defendant argues the court failed to conduct a hearing on his allegations and appoint new counsel to bring a motion for a new trial. He claims he provided "a colorable claim of ineffective assistance during his sentencing hearing. In fact, [defendant's] claim was well founded because defense counsel failed to object to the introduction of statements by the victims to Officer Bjerke as violating [defendant's] right to confront and cross-examine the witnesses against him."

To establish ineffective assistance of counsel, defendant must show counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms, and the deficient performance prejudiced defendant. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) We accord trial counsel's tactical decisions substantial deference and do not second-guess counsel's reasonable tactical decisions. (*People v. Maldonado* (2009) 172 Cal.App.4th 89, 97.)

When, following trial, a defendant requests that the court appoint new counsel to prepare a motion for a new trial on the grounds of ineffective assistance of counsel, the

8

court must conduct a hearing to explore the request. (*People v. Bolin* (1998) 18 Cal.4th 297, 346.) If the defendant makes a colorable claim of ineffective assistance in connection with matters that occurred outside the courtroom, the trial court has the discretion to appoint new counsel to assist defendant in a new trial motion. (*Ibid.*)

Here, defendant vehemently expressed his disagreement with the trial court's evidentiary rulings. Defendant did not request appointment of new counsel, nor did he make a "colorable" claim of ineffective assistance. Defendant made no mention of a new trial, nor did he express dissatisfaction with his current representation.

However, on appeal, defendant argues defense counsel performed ineffectively in failing to object to the officer's testimony on the grounds of his right to confrontation. While defendant expressed dissatisfaction with the lack of testimony by his victims, he never requested new counsel. In addition, even if the court struck the officer's testimony, Gurr's eyewitness testimony described the attacks and identified defendant as the perpetrator. Defendant would not have received a more favorable result had the testimony been excluded.

## DISPOSITION

Defendant's sentence on count 3 is stayed. The trial court is directed to prepare an amended abstract of judgment and to send a certified copy thereof to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


      RAYE      , P. J.

We concur:


      BUTZ      , J.


      DUARTE      , J.

9