Filed 5/23/23  P. v. Ervin CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JURON D. ERVIN,<br><br>        Defendant and Appellant. | D080336<br><br><br><br>(Super. Ct. No. SCD289212) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed as modified.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, Collette C. Cavalier, Kathryn Kirschbaum and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Roughly eight years before the incident giving rise to this case, defendant Juron D. Ervin was in a romantic relationship with the victim,

T.S.  They had a son together.  Less than a year later, the couple broke up.
Interaction between the two after the break-up was problematic, resulting in
both a domestic violence restraining order (DVRO) and a criminal protective
order (CPO) that prevented Ervin from contacting T.S. other than as
necessary to arrange visits and communication with their son.

In January 2021, Ervin went to T.S.'s home unannounced and refused
to leave when she asked him to do so.  When T.S.'s then-current boyfriend
attempted to persuade Ervin to leave, Ervin beat up the boyfriend until he
was unconscious.  A jury found Ervin guilty of (among other offenses)
violating the CPO (Penal Code,[1] § 166, subd. (c)(1); count 6) and the DVRO (§
273.6, subd. (a); count 7).

The trial court sentenced Ervin to an aggregate prison term of seven
years, eight months.  Count 3—assault by means likely to produce great
bodily injury (§ 245, subd. (a)(4))—served as the principal term.  But the
sentence also included an additional consecutive term of eight months (one-
third the middle term of two years) on count 6 and a concurrent term of two
years on count 7.  On appeal, Ervin contends the court violated section 654 by
imposing sentences on both counts for the same conduct.  He asserts the
concurrent sentence for count 7 should have been stayed.  The Attorney
General concedes this argument and we agree.  Modifying the judgment to
stay the concurrent sentence for count 7, we otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Existing Restraining Orders*

In September 2018, T.S. obtained a three-year DVRO against Ervin.
The order prohibited Ervin from contacting T.S. other than to talk to his son,

---

[1]    Further undesignated statutory references are to the Penal Code.

2

and restricted Ervin from "all parenting time" unless it is "professionally supervised" by court staff.

Two months later, Ervin went to T.S.'s home while she was not there and let himself inside. T.S.'s sister, who was home at the time, asked him to leave. He left, and the sister called the police. After Ervin was convicted of violating the existing DVRO based on this incident, the court issued a CPO against him. The order prohibited him from having any "personal, electronic, telephonic, or written contact" with T.S. and to stay 100 yards from T.S., as well as her home, employment, school, and vehicle.

B. *The Incidents*

In November 2020, T.S. received unsolicited, sexually explicit messages and pictures from Ervin and reported the incident to the police.

In January 2021, Ervin went to T.S.'s home unannounced and without a court supervisor. He had brought pajamas for his son and wanted his son to try them on. The son agreed to come to the door to try on the pajamas, and they talked for a few minutes. Ervin began coughing "profusely," so T.S. asked him to "back out of the doorway" and leave because he "shouldn't be there." He refused and became "argumentative" and disrespectful towards T.S.

As T.S. was trying to close the door, T.S.'s then-boyfriend, A.L., came down the stairs to the door. A.L. put his hands out to gesture for Ervin to move back. An altercation ensued. Ervin hit A.L. on the head until he was unconscious, then continued kicking him in the head several times. When T.S. tried to stop Ervin, he pushed her to the ground. He only stopped when T.S. threatened that he would not see his son again. After Ervin left, T.S. called the police. A.L. suffered a "busted lip," multiple facial lacerations, and a concussion. T.S. had scratches and bruises on her elbow, foot, and chest.

3

In February 2021, Ervin again returned to T.S.'s house unannounced and without a court supervisor. When T.S. called the police, Ervin left.

C.    *The Charges, Jury Verdict, and Admissions*

The San Diego County District Attorney charged Ervin with a misdemeanor for violating the DVRO in November 2020 (§ 273.6, subd. (a); count 1); a misdemeanor for violating the CPO in November 2020 (§ 166, subd. (c)(1); counts 2); assault by means likely to produce great bodily injury to A.L. in January 2021 (§ 245, subd. (a)(4); count 3); battery with serious bodily injury to A.L. in January 2021 (§ 243, subd. (d); count 4); corporal injury to a domestic partner (T.S.) in January 2021 (§ 273.5, subd. (a); count 5); a violation of the CPO in January 2021 (§ 166, subd. (c)(1); count 6); a violation of the DVRO in January 2021 (§ 273.6, subd. (a); count 7); a violation of the DVRO in February 2021 (§ 273.6, subd. (a); count 8); and a violation of the CPO in February 2021 (§ 166, subd. (c)(1); count 9).

A jury found Ervin guilty on all counts, with true findings on the allegations in counts 3, 4, 6, and 7.

D.    *Sentencing*

In its sentencing brief, the prosecution recommended that the court impose a consecutive sentence on count 6, one-third the middle term or eight months. But it conceded that separate punishment on count 7 would be barred by section 654. The probation report similarly recommended: "As to Counts 6 and 7, they occurred on the *same date and represent similar criminal acts*. Therefore, Count 6 will be imposed and *Count 7 will be stayed*." (Italics added.)

At sentencing in April 2022, the prosecution reiterated its position that imposition of punishment for both counts 6 and 7 was prohibited by section 654. But the trial court expressed doubt:

4

"Well, it's – I don't – it's two different kinds of violations, two different types of – so I don't know if they'd necessarily be 654 because they are separate. But the [c]ourt, just in an abundance of caution, will impose the two years but run it concurrent [¶] . . . [¶] with the remaining charges."

The judge continued:

"So I don't know if they're definitively 654 barred, unlike the 234(d), of course. So it's no additional time, Mr. Ervin. So you don't have to worry about it. I just – *I don't want it to get kicked back from the prison abstract that this wasn't appropriate 654.*"

(Italics added.)

The court ultimately sentenced Ervin to an aggregate term of seven years and eight months in prison, including one-third the middle term of two years (eight months) on count 6, plus a concurrent term of two years on count 7.

## DISCUSSION

Ervin contends, and the Attorney General concedes, the court erred by both sentencing him for violating the CPO (count 6) and imposing another concurrent sentence for violating the DVRO (count 7). The parties ask that we stay the sentence for count 7.

"An act or omission that is punishable in different ways by different provisions of law" shall not "be punished under more than one provision." (§ 654, subd. (a).) Section 654 "precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) When there are two convictions for the same conduct, "the proper

5

procedure is to stay execution of sentence on one of the offenses." (*People v. Monarrez* (1998) 66 Cal.App.4th 710, 713.) It is error for a trial court to impose a concurrent sentence if section 654 applies, despite little practical difference between a concurrent sentence and stayed sentence. (*People v. Jones* (2012) 54 Cal.4th 350, 353.) When the facts are undisputed, as here, the application of section 654 is a question of law we review de novo. (*People v. Corpening* (2016) 2 Cal.5th 307, 312.)

Here, Ervin committed "a single act or indivisible course of conduct" (*Hester, supra*, 22 Cal.4th at p. 294) in January 2021 when he went to T.S.'s house and contacted her without court supervision. This conduct resulted in violations of both sections 166, subdivision (c)(2), (count 6) and 273, subdivision (a), (count 7). Ervin " 'may be punished for any one of such offenses but not for more than one.' " (*People v. Britt* (2004) 32 Cal.4th 944, 952, quoting *Neal v. State of California* (1960) 55 Cal.2d 11, 19.) The prosecution and probation report acknowledged that Ervin should be punished for count 6 and his sentence for count 7 should be stayed under section 654. The trial court nonetheless improperly sentenced Ervin for both counts. (See *People v. Corpening, supra,* 2 Cal.5th at pp. 309, 315 [multiple punishment prohibited where "the same action completed the actus reus for each of [the] two crimes"].) Accordingly, we will modify the judgment to stay the concurrent sentence imposed for count 7.

## DISPOSITION

The judgment is modified to stay the sentence on count 7 under section 654. The superior court is directed to prepare an amended abstract of judgment consistent with this opinion and forward a certified copy to the

Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

DATO, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.