Filed 6/28/24  P. v. Pearson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>FREDERICK EARL PEARSON,<br><br>    Defendant and Appellant. | A168388<br><br>(Solano County<br>Super. Ct. No. FCR362307) |

Defendant Frederick Earl Pearson was convicted by jury of possession of a firearm by a felon and possession of ammunition by a felon, and sentenced to two years for possession of the firearm and eight months (consecutively) for possession of the ammunition.  Defendant raises a single issue on appeal—the sentence on one of the counts should have been stayed under Penal Code section 654.[1]  We agree and remand for resentencing.

## BACKGROUND

A private investigator for a bail bond company chased down defendant, mistaking him for someone else.  Believing he saw a gun magazine on defendant, the investigator tased him.  After the two struggled briefly on the ground, the investigator handcuffed and searched defendant, and then searched the immediate vicinity, finding a gun with a partially loaded

---

[1] All statutory references are to the Penal Code.

1

magazine.  The investigator locked the gun in a vehicle and contacted the police.

When officers arrived, they retrieved the handgun from the investigator.  It contained a 31-round magazine, loaded with 18 rounds of nine-millimeter ammunition.  The gun was also inoperable because it was missing a firing pin.  Defendant said he knew the firing pin was missing, and he had the gun for protection.  When the police searched defendant, they found some additional rounds of the same type of ammunition in his clothing.

The Solano County District Attorney charged defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1)) and possession of ammunition by a felon (§ 30305, subd. (a)(1)).  A jury convicted him of both counts, and the trial court sentenced him to a midterm of two years for possession of the firearm and eight months, one-third the midterm, for possession of the ammunition.

## DISCUSSION

Section 654 provides in part, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (*Id.*, subd. (a).)

Plainly stated, section 654 "precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Assad* (2010) 189 Cal.App.4th 187, 200.)  " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor.  If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Rodriguez* (2015) 235 Cal.App.4th 1000, 1005.)  " 'If, on the other hand, defendant harbored "multiple criminal

2

objectives," which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, "even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." ' " (*Ibid.*)

A trial court's section 654 determination, either express or implied, will be affirmed if supported by substantial evidence. (*People v. Brents* (2012) 53 Cal.4th 599, 618.) Substantial evidence is evidence that is reasonable, credible, and of solid value. (*People v. Armstrong* (2016) 1 Cal.5th 432, 450.) " 'We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence.' " (*People v. Vang* (2010) 184 Cal.App.4th 912, 915–916.)

Defendant relies on *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), to support his claim the trial court should have stayed either the sentence for possession of the firearm or possession of the ammunition. In *Lopez*, the defendant possessed a loaded firearm and was convicted of both unlawful possession of a firearm and unlawful possession of ammunition, and sentenced separately on the two convictions. (*Id.* at pp. 134–135, 137.) The Court of Appeal reversed, concluding section 654 barred punishment for both offenses. (*Lopez*, at p. 138.) Defendant's "obvious intent was to possess a loaded firearm"—one " 'indivisible course of conduct' " punishable as such under section 654. (*Lopez,* at p. 138.) As the court observed, "the appellate courts should not 'parse[] the [defendant's] objectives too finely.' " (*Ibid.*, quoting *People v. Britt* (2004) 32 Cal.4th 944, 953 (*Britt*).)

The circumstances in this case are similar. Defendant possessed a gun with a partially loaded magazine and a few loose bullets of the same caliber as those in the magazine.

3

The Attorney General points out that unlike in *Lopez,* the loose ammunition was not in the gun, but in defendant's clothing. We conclude this distinction is of little consequence.

Defendant had on his person both the partially loaded gun and the loose bullets. The bullets were of the same type and caliber as the bullets in the magazine, and had they been loaded into the magazine, rather than being immediately handy for loading into the magazine, there is no question section 654 would require a stay of one of the sentences. (*Lopez, supra,* 119 Cal.App.4th at p. 138; see also *People v. Broadbent* (2020) 47 Cal.App.5th 917, 922–923 ["Courts have found section 654 prohibits punishing a defendant for both being a felon in possession of a firearm and unlawful possession of ammunition when all of the ammunition in question was loaded into the firearm or had been fired from it."].)

Moreover, the only evidence at trial as to defendant's intent in having both the gun and the bullets was his statements to police that he possessed the gun for protection. In other words, there was no evidence he had different or multiple objectives in possessing the loaded firearm and the additional bullets. (See *People v. Sok* (2010) 181 Cal.App.4th 88, 100 [error not to stay sentence where there was "no evidence in the record that would support the trial court's implied factual finding that [the defendant] had different or multiple objectives in possessing the loaded firearm and possessing the ammunition in the gun itself"].)

The Attorney General suggests that because the firearm was inoperable, the trial court could have inferred defendant possessed the unloaded ammunition for a separate purpose other than protection, such as for sale or barter. In the absence of any other evidence, we conclude it is too far a stretch to conclude that the mere fact the gun was at that moment

4

inoperable, constitutes substantial evidence defendant had a "separate purpose" with respect to the loose bullets.  In short, heeding the principle not to "parse[] the [defendant's] objectives too finely" (*Britt, supra,* 32 Cal.4th at p. 953), we conclude no substantial evidence supports the trial court's implied finding defendant had a separate intent and objective for possessing the bullets in his pocket.

Accordingly, the trial court erred in not staying the sentence on one of the offenses under section 654 and we remand for the court to comply with that statute.  On remand, the court has discretion to choose which sentence is imposed and which is stayed, irrespective of which offense carries the longer term.  (§ 654, subd. (a); see *People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

### DISPOSITION

Defendant's sentence is vacated, and the case is remanded to the trial court to comply with section 654 and stay execution of sentence for either possession of a firearm or possession of ammunition.  The court shall send an amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

_____
Banke, J.

WE CONCUR:


_____
Humes, P. J.


_____
Siggins, J.*

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.