Filed 10/14/24  P. v. Brewer CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MELISSA BREWER,<br><br>    Defendant and Appellant. | 2d Crim. No. B328708<br>(Super. Ct. No. 21F-08933)<br>(San Luis Obispo County) |

Melissa Brewer appeals the judgment entered after a jury convicted her of leaving the scene of an accident (Veh. Code, § 20001, subd. (a), count1), two counts of presenting a false or fraudulent insurance claim (Pen. Code, § 550, subd. (a)(1), counts 2 & 4),[1] two counts of preparing a false or fraudulent insurance claim (§ 550, subd. (a)(5), counts 3 & 5), and misdemeanor reckless driving (Veh. Code, § 23103, subd. (a), count 6).

---

[1] All further undesignated statutory references are to the Penal code.

Appellant was sentenced to four years eight months in state prison, consisting of a consecutive term of eight months as to count 1, three years as to count 2, and a consecutive term of one year as to count 4. Counts 3 and 5 were stayed pursuant to section 654. Appellant was also sentenced to 180 days in county jail as to count 6.

Appellant's sole contention on appeal is that the trial court should have stayed imposition of the sentence as to count 4 pursuant to section 654. We affirm.

*Facts*

On March 23, 2021, appellant recklessly drove her vehicle southbound on the 101 freeway in the area of Avila Ridge before she collided with a motorcycle operated by James Hayes. Several witnesses called 911 and stopped to render aid. Appellant did not stop. Hayes suffered an open fracture dislocation of his left ankle and multiple abrasions. He died prior to trial.[2]

On March 28, 2021, appellant filed an electronic claim with her insurance company for damages to her car. In her claim, appellant indicated that her "vehicle went off the road, went into a ditch or rolled over." She also indicated there were no passengers and no injuries.

On April 4, 2021, appellant sent an electronic communication to her insurance company, stating: "'I'm having some stiffness in my upper body and neck. And I went to the chiropractor on Friday, April 2nd, and it's still pretty uncomfortable. I just wanted to notify you that I'm going to be making another appointment on Monday, April 5th. I will keep you updated on the outcome. Thanks, Melissa Brewer.'"

---

[2] According to the prosecutor, Hayes died a week after the accident due to complications from his injuries.

*Discussion*

Appellant contends the trial court should have stayed the sentence as to count 4 because the insurance fraud convictions connected with the April 4, 2021 conduct were part of the same course of conduct as the insurance fraud convictions connected with the March 28, 2021 conduct. We disagree.

"Section 654 prohibits punishment for two offenses arising from the same act or from a series of acts constituting an indivisible course of conduct." (*People v. Sok* (2010) 181 Cal.App.4th 88, 99.) "'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.'" (*People v. Britt* (2004) 32 Cal.4th 944, 951-952.)

If, on the other hand, a defendant harbored "'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' [Citation.]" (*People v. Harrison* (1989) 48 Cal.3d 321, 335; accord *People v. Vu* (2006) 143 Cal.App.4th 1009, 1033.)

The trial court has wide latitude in making the factual determination whether section 654 applies in a given case. We will not reverse its findings if there is any substantial evidence to support them. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

Here, substantial evidence supports the trial court's implied finding that appellant harbored separate intents and objectives in her commission of counts 2 and 4. After presenting numerous witnesses and evidence at trial, the prosecutor argued appellant's intent in filing the March 28, 2021 claim (count 2) was to fix the damage to her car as quickly as possible to get rid of any evidence of her involvement in the collision. On the other hand, appellant's intent in sending the April 4, 2021 communication (count 4) was to seek reimbursement for her medical treatment.

Additionally, appellant's communications were separate in time, approximately one week apart. The trial court could reasonably have concluded, based on all of the evidence, that appellant's offenses were separate and distinct and did not arise from a single, indivisible course of conduct.

Appellant's contention that she should not be punished twice for the "same loss or injury" is meritless. Further, appellant's reliance on *People v. Zanoletti* (2009) 170 Cal.App.4th 1516 (superseded by *People v. Zanoletti* (2009) 173 Cal.App.4th 547) is inapposite. *Zanoletti* involved the appellant's challenge to multiple convictions pursuant to section 550, subdivisions (a)(1) and (a)(5), whereas this case involves appellant's challenge to multiple punishments pursuant to section 654.

*Disposition*

The judgment is affirmed.

4

NOT TO BE PUBLISHED.

                                        YEGAN, J.

We concur:


        GILBERT, P. J.


        CODY, J.

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Bases & Bases and Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Kathy S. Pomerantz, Deputy Attorney General, for Plaintiff and Respondent.